IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JOSEPH C. DOUGLAS and WILLIAM P. JONES            PLAINTIFFS

v.            CIVIL ACTION NO. 2:11-CV-00239-GHD-SAA

LIBERTY NATIONAL LIFE INSURANCE COMPANY;
TAMEIKA McELROY, as a Soliciting Agent; and
JACK WILSON, as a Supervisor            DEFENDANTS

## MEMORANDUM OPINION

Presently before this Court are two motions in the case *sub judice*: Defendants' motion to compel arbitration [4] and Defendant Liberty National Life Insurance Company's motion to strike [12] Plaintiffs' response to that motion. The undersigned was assigned this case following the death of the Honorable W. Allen Pepper, Jr. Upon reviewing the case, the Court finds *sua sponte* that this action was improperly removed by Defendants, and accordingly, the Court lacks subject-matter jurisdiction to hear the case. Thus, the case must be remanded to the Circuit Court of Quitman County, Mississippi.

*A. Factual and Procedural Background*

On October 20, 2011, Plaintiffs Joseph C. Douglas and William P. Jones ("Plaintiffs") filed this action in the Circuit Court of Quitman County seeking damages "for the failure to issue and/or deliver a life insurance policy as promised, the failure to supervise a sales agent, for breach of contract, the bad faith denial of [P]laintiffs' $5,000 death claim without an arguable reason, fraud, gross negligence[,] and misrepresentation." Pls.' State-Court Compl. [3] ¶ 1. Plaintiffs are citizens of Quitman County, Mississippi. *Id.* ¶ 3; Defs.' Notice of Removal [1] ¶ 5. Defendant Liberty National Life Insurance Company ("Liberty National") is apparently a

1

Nebraska corporation with its principal place of business in Texas. Both Defendant Tameika McElroy and Defendant Jack Wilson are Mississippi citizens. *See* Pls.' State-Court Compl. [3] ¶¶ 5–6; Defs.' Notice of Removal [1] ¶¶ 7–8. The basis of the suit is an insurance dispute. Defendants attempted to remove the case to this Court on December 8, 2011 on the basis of diversity jurisdiction, maintaining that the jurisdictional amount in controversy was satisfied by Plaintiffs' prayer for relief, and that complete diversity of citizenship was satisfied because Defendants McElroy and Wilson were fraudulently joined. Defendants maintained that Defendants McElroy and Wilson had no apparent or actual authority to make any decision related to denial of coverage and thus that Plaintiffs have no possibility of recovery against Defendants McElroy and Wilson. Thus, Defendants maintained that removal was proper based on fraudulent joinder of these non-diverse Defendants. The Court finds that this case was improperly removed and should be remanded to state court.

*B. Removal Standard*

The removal statute provides in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). A case may be remanded upon a motion filed within thirty days after the notice of removal is filed on any defect except subject-matter jurisdiction, which can be raised at any time by any party or *sua sponte* by the court. *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co.*, 328 F. App'x 946, 947 (5th Cir. 2009). "If at any time before final judgment it appears

that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Ordinarily, a defendant cannot remove a lawsuit to federal court under 28 U.S.C. § 1332 absent complete diversity between plaintiffs and defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) ("The diversity statute requires complete diversity of citizenship: a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." (internal quotation marks omitted)). However, if the removing party can show that a non-diverse defendant has been improperly joined to defeat diversity jurisdiction, the case may be removed. There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (internal quotation marks omitted).

The removing party carries a heavy burden in establishing fraudulent joinder and must demonstrate it by clear and convincing evidence. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868, 126 L. Ed. 2d 150 (1993); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981) (emphasis added). The Fifth Circuit has explained:

> To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [Plaintiffs] would be able to establish a cause of action against [the non-diverse defendants] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

*Dodson v. Spiliada Mar. Corp.*, 951 F.2d 40, 42 (5th Cir. 1992), *cited in Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995). If "there is no possibility that the state court would recognize a valid cause of action against the non-diverse defendants . . . then those defendants have been fraudulently joined." *Burden*, 60 F.3d at 217–18; *see Laughlin v. The Prudential Ins. Co.*, 882 F.2d 187, 190 (5th Cir. 1989) ("the court may find fraudulent joinder only if it concludes that the plaintiff has no possibility of establishing a valid cause of action against the in-state defendant"). The Fifth Circuit has stated: "Mindful of our obligation to exercise diversity jurisdiction only in cases of complete diversity, we will not authorize removal on the basis of fraudulent joinder unless there is no possibility that the plaintiff could state a cause of action against the non-diverse defendants." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., LTD*, 99 F.3d 746, 751–52 (5th Cir. 1996) (citing *B, Inc.*, 663 F.2d at 549).

In the case *sub judice*, Defendants argued in their notice of removal that there was no possibility that Plaintiffs could recover against Defendants McElroy and Wilson, and that, therefore, Defendants McElroy and Wilson were improperly joined to defeat diversity jurisdiction. In analyzing Plaintiffs' causes of action, the Court determines that Defendants have not met their heavy burden in establishing fraudulent joinder, as at least one cause of action establishes the possibility of recovery against Defendants McElroy and Wilson.

Plaintiffs allege with respect to Defendant McElroy:

> At all times material herein, [D]efendant McElroy was acting as a soliciting agent for [Liberty National] and had the duty and responsibility to ask all pertinent questions on the life insurance application, to insure that a life insurance application was completed in accordance with [Liberty National]'s policies and procedures and in accordance with recognized insurance industry standards and practices[,] and to deliver the life insurance application and collected insurance premiums to [Liberty National] for processing and . . . issuance . . . and had the duty and

4

> responsibility to deliver the policy to the [insured] after issuance[,] as well as the duty to follow up on the issuance if not issued in a reasonable time. Defendant McElroy is personally liable for her personal participation and conduct in failing to follow up on the issuance of the life insurance policy within a timely manner and for breaching the duty owed to the insured to deliver the life insurance policy with reasonable diligence and good faith and for failing to provide the level of skills expected of a sales agent in the delivery of the life insurance policy to the insured by a soliciting agent.
>
> . . .
>
> At some point prior to September 1, 2008, [Defendant] McElroy, a soliciting agent for [Liberty National], contacted Rita French (the decedent) for the purpose of selling her life insurance under a [Liberty National] life insurance policy. The decedent purchased a $5,000 life insurance policy and paid the monthly insurance premiums for at least two months . . . .
>
> Thereafter, . . . [Liberty National] issued life insurance policy number A007468995 providing $5,000 of life insurance coverage on the decedent with an effective date of September 1, 2008, but [Liberty National] . . . apparently never issued the policy or [D]efendant McElroy never delivered the policy to the decedent as required by Mississippi law. . . .

Pls.' State-Court Compl. [3] ¶¶ 5, 8–9.

Plaintiffs allege with respect to Defendant Wilson:

> At all times herein complained of, [D]efendant Wilson was the supervisory and managerial servant, employee[,] and agent of [Liberty National] and was acting in the furtherance of the business of [Liberty National] and within the scope of his employment. As a supervisor and/or manager of soliciting and sales agents at [Liberty National], [D]efendant Wilson had the duty and responsibility to supervise sales agents and to monitor their actions and conduct and to follow up on the issuance and delivery of life insurance policies to [the] insured sold by his sales agents. Defendant Wilson breached his managerial and supervisory duties and responsibilities assigned under [Liberty National]'s policies and procedure[s], and is personally liable to [P]laintiffs for his personal departures, breaches, actions[,] and conduct.

*Id.* ¶ 6. Plaintiffs further allege the following facts: Decedent or Plaintiff Joseph Douglas paid all premiums that became due and payable under the policy; Decedent died; Plaintiffs filed a proof of loss and claim with Liberty National for $5,000; and Liberty National wrongfully withheld the $5,000 attributable to death benefits and refused to pay the claim. *Id.* ¶¶ 9–12. Plaintiffs aver that Defendants' actions were willful and malicious and constitute (1) breach of duty of fair dealing and good faith, (2) breach of fiduciary duties, (3) tortious breach of contract, (4) failure to promptly and adequately investigate the death claims, (5) fraud, and (6) misrepresentation.

Defendants contend that Defendants McElroy and Wilson, as soliciting insurance agent and supervisor for Liberty National, are not subject to liability for damages caused by any alleged breach of the insurance contract by Liberty National, because neither of them have the authority to make the determination to deny a claim and neither of them are parties to the insurance contract.

However, Mississippi recognizes a tort claim against an insurance agent for negligence in the procurement of insurance. *See Lovett v. Bradford*, 676 So. 2d 893 (Miss. 1996) (negligent completion of insurance application in failing to disclose previous fire loss); *Taylor Mach. Works, Inc. v. Great Am. Surplus Lines Ins. Co.*, 635 So. 2d 1357 (Miss. 1994) (negligent procurement of policy containing an exclusion); *First United Bank v. Reid*, 612 So. 2d 1131 (Miss. 1992) (negligent failure to disclose possibility of non-renewability of policy); *Ritchie v. Smith*, 311 So. 2d 642 (Miss. 1975) (negligent procurement of policy from foreign insurance company not authorized to issue policies outside state of its domicile); *Security Ins. Agency, Inc. v. Cox*, 299 So. 2d 192 (Miss. 1974) (negligence in failing to notify insureds that the policy

would not be renewed); *Simpson v. M–P Enters., Inc.*, 252 So. 2d 202 (Miss. 1971) (negligent failure to procure insurance as of the date and in the amount reflected in invalid endorsements).

Based on the foregoing, the Court finds that Defendants have failed to demonstrate fraudulent joinder by clear and convincing evidence. In initially resolving all disputed questions of fact and all ambiguities in the controlling Mississippi law in favor of the non-removing party, the Court cannot conclude that there is <u>no possibility</u> of establishing a valid cause of action in tort against Defendants McElroy and Wilson. Therefore, the lack of complete diversity in this case cannot be disregarded. In the absence of complete diversity of citizenship, the cause must be remanded.

A separate order in accordance with this opinion shall issue this day.

THIS, the 20th day of June, 2013.

_____
SENIOR JUDGE